EUSTACE DE SAINT PHALLE, SBN 179100
JOSEPH R. LUCIA, SBN 278318
RAINS LUCIA STERN, PC
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Tel: (415) 341-9341
Fax: (925) 609-1690
E-mail: PersonalInjuryGroup@RLSlawyers.com

JOHN E. NORRIS
(*Pro Hac Vice pending*)
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-9900
Fax: (205) 930-9989
Email: Jnorris@davisnorris.com

Attorneys for Plaintiff
SEAN RANDALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEAN RANDALL on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>MERRICK PET CARE, INC., dba CASTOR AND POLLUX NATURAL PETWORKS; PET APPEAL ONE, LLC, aka CASTOR AND POLLUX NATURAL PETWORKS LLC; NESTLE USA, INC.; NESTLE PURINA PETCARE, CO.; and DOES 1-10, inclusive,<br><br>              Defendants. | CASE NO. 2:16-cv-139<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**AMOUNT DEMANDED EXCEEDS $10,000** |

## CLASS ACTION COMPLAINT

This is a California statewide class action seeking redress for the mislabeling of pet food and pet treats. Defendants Merrick Pet Care, Inc., Pet Appeal One, LLC, Nestle USA, Inc., and Nestle Purina Petcare (collectively "Nestle") labeled dog and cat food and treat products as made in the United States, when in fact it contained ingredients sourced from foreign countries. This is a violation of the California Unfair Competition Law as well as the California Consumer Legal Remedies Act. Plaintiff seeks, on his own behalf as well as on behalf of a statewide class of similarly situated consumers, injunctive relief to stop Defendants' use of false country-of-origin labels, as well as restitution under the UCL. Plaintiff also seeks injunctive relief under the CLRA, and requests that Plaintiff be allowed to amend this complaint to seek actual damages subject to the $1,000 statutory minimum for class action damages, restitution, punitive damages and attorneys' fees under the CLRA thirty days after the service of this complaint in compliance with the notice requirements of the CLRA. In support of this complaint, plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sean Randall is an adult citizen of California residing in Ventura County, which is within this district and division. Plaintiff purchased defendant's products, the marketing of which violates California law, in this district and division.

2. Defendant Nestle USA, Inc., is a corporation formed under and existing pursuant to the laws of the state of Delaware. Defendant's principal offices are in Glendale, California.

3. Defendant Nestle Purina Petcare Company is a corporation formed under and existing pursuant to the laws of the state of Missouri. Defendant's principal offices are in St. Louis, Missouri.

4. Defendant Merrick Pet Care, Inc., before July 21, 2015, was a corporation formed under and existing pursuant to the laws of the state of Texas, with its principal offices in Hereford, Texas. On or around July 21, 2015, Defendant Merrick Pet Care, Inc. was purchased by either Defendant Nestle Purina Petcare Company or Defendant Nestle

USA, Inc., pursuant to a non-public purchase agreement. Merrick Pet Care still holds itself out as a stand-alone company on its website, http://www.merrickpetcare.com (last accessed on December 16, 2015), but plaintiff does not know the current corporate relationship among the defendants.

5. Defendant Pet Appeal One, LLC, before July 21, 2015, was a business entity formed under and existing pursuant to the laws of the state of Oregon, with its principal offices in Clackamas, Oregon. On or around April 12, 2012, Defendant Pet Appeal One, LLC was purchased by Merrick Pet Care, Inc., pursuant to a non-public purchase agreement. Defendant Pet Appeal One, LLC still holds itself out as a stand-alone company on its website under its previous name Castor & Pollux Pet Works, http://www.castorpolluxpet.com/ (last accessed on January 5, 2015), but plaintiff does not know the current corporate relationship among the defendants.

6. Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as a DOE Defendants. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of neglect, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

7. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, as modified by the Class Action Fairness Act of 2005, because plaintiff and at least one defendant are citizens of different states, and in this class action the aggregate amount in

controversy is greater than $5,000,000.00 (five million dollars), exclusive of interest and costs.

8. Venue is proper in this court because the purchases were made by the plaintiff in this district and division.

## FACTS RELATING TO THE SPECIFIC PLAINTIFF

9. On multiple occasions prior to January 1, 2016, Plaintiff Sean Randall purchased Organix Grain Free Healthy Adult Indoor cat food at Petsmart in Ventura, California.

10. The pet food that Plaintiff purchased was labeled "Made with Love IN THE USA." Plaintiff made these purchases relying on the labels on Defendant's products stating that they were "Made with Love IN THE USA."

11. The value of the product received by Plaintiff was less than the value he paid, because the "Made with Love IN THE USA" labeling was untrue.

## FACTUAL ALLEGATIONS COMMON TO THE STATEWIDE CLASS

12. Nestle Purina Petcare Company ("Nestle Purina"), which describes itself on its website to be "the pet care division of Nestle S.A.," manufactures and sells many forms of pet food in stores all over the United States, including California. Among other places, it sells its products in large pet store chains including Petco and Petsmart.

13. Nestle Purina purchased an organic pet food company called Merrick Pet Care ("Merrick"), which had previously purchased a company Castor & Pollux Natural Petworks ("C&P"), and continued to market pet food under the "C&P" label.

14. Many of Nestle Purina's products, including those marketed under the C&P brand, are labeled as being made in the United States.

15. The labels stating that Defendants' pet food is made in the United States are false because Defendants' pet food contains ingredients sourced from foreign countries. For example, these products contain tapioca, as well as vitamin, mineral, and amino acid packs sourced outside the United States.

16. Defendants continue to sell pet food labeled as being made in the United

States.

17. The buying public's preference for pet foods and treats that are made exclusively in the United States stems in part from the widely-publicized and widespread recall of pet foods in 2007, when hundreds, and perhaps thousands, of dogs died of renal failure after being fed pet foods containing gluten sourced from China that turned out to be adulterated with toxic chemicals. Defendant Nestle Purina is more than aware of this episode resulting from foreign-sourced ingredients, because this defendant's Alpo wet dog food was one of the brands recalled after it was discovered Alpo contained adulterated China-sourced gluten.

18. For this and other reasons, the buying public generally believes that "Made in the U.S.A." products are safer to feed their animals than foreign-sourced ingredients.

19. The Plaintiff and the Class received products from Defendants that were worth less than what the Plaintiff and the Class paid for the products.

## **CLASS ACTION REQUIREMENTS**

20. Plaintiff brings this case on his own behalf, and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class consists of all residents of the state of California who, within the applicable statute of limitations period, bought pet food products from Defendants that were sold with labels bearing "Made with Love IN THE U.S.A.," "Made in the U.S.A.," or other labels indicating domestic origin. Excluded from the Class are Plaintiff's counsel and any employee of the court.

21. Pursuant to Rule 23(a)(1), numerosity is satisfied because the members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. There are thousands of class members in the state of California.

22. Common questions of fact and law exist here, satisfying the requirement of Rule 23(a)(2), including but not limited to:

    a. whether Defendants participated in or committed the wrongful conduct alleged herein;

   b. whether Defendants' acts, transactions, or course of conduct constitute the violations of law alleged herein;

   c. whether the members of the Class sustained and/or continue to sustain injury by reason of Defendants' conduct, and, if so, the proper measure and appropriate formula to be applied in determining such injury; and

   d. whether the members of the Class are entitled to injunctive or other equitable relief.

23. Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendants as other Class members' claims. Plaintiffs and members of the Class also sustained injury arising out of Defendants' common course of conduct complained of herein. Accordingly, Plaintiff satisfies the "typicality" requirements of Fed. R. Civ. P. 23(a)(3) with respect to the Class.

24. Plaintiff will fairly and adequately protect the interests of the other members of the Class, and have no interests that are antagonistic to those of the Class, pursuant to Rule 23(a)(4). Plaintiff is interested in vigorously prosecuting claims on behalf of the Class, and Plaintiffs have retained experienced and competent class action counsel to represent them and the Class.

25. Plaintiff seeks to certify a statewide class pursuant to Rule 23(b)(2) and 23(b)(3).

26. Pursuant to Rule 23(b)(2), Defendants have "acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole."

27. Pursuant to Rule 23(b)(3), questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Given the relatively small amount of damages suffered by each class member, it is unlikely that any of the class members are interested in individually controlling the prosecution or defense of separate actions. Plaintiff is not aware of any other litigation against defendant

asserting these claims, and doubt any other litigation outside of the class action device will be initiated against Defendants. It is desirable to hear all of these claims in one forum so that the class members can receive a full recovery, which they would not outside of a class action because of the relatively small amount of damages suffered by each class member, such that it would make no economic sense for individual class members to pursue individual claims in different forums. Plaintiff does not anticipate that there will be significant difficulties in managing this class action that are any more serious than other consumer class actions.

## CLAIMS FOR RELIEF

### COUNT ONE – CALIFORNIA UNFAIR COMPETITION LAW

28. All preceding paragraphs are incorporated by reference.

29. The foregoing unfair conduct violates the California Unfair Competition Law, codified at Business and Professions Code §§ 17200, et seq. ("UCL").

30. Among other provisions, the foregoing conduct violates Business & Professions Code § 17533.7 dealing with "Made in the U.S.A." product labeling.

31. The named Plaintiff and the Class members suffered injury as a result of Defendants' violation of the law because they paid more for the product than its actual value.

32. As a result, Plaintiff and the Class are entitled to an injunction against continuing violations of the UCL and restitution of monies obtained.

### COUNT TWO – CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

33. All preceding paragraphs are incorporated by reference.

34. Pursuant to Cal. Civ. Code § 1780(d), Plaintiff is filing an affidavit of proper venue and attaching it to this complaint as Attachment 1.

35. The foregoing conduct by defendant violates the Consumers Legal Remedies Act, codified at California Civil Code §§ 1750, et seq.

36. Defendants' pet food and treats are "goods" as defined in Civil Code Section 1761(a).

37. Plaintiff, and each of the Class members, is a "Consumer" as defined in Civil

Code Section 1761(d).

38. Each of Plaintiff's and Class members' purchases of Defendants' products constituted a "transaction" as defined in Civil Code Section 1761(e).

39. Plaintiff and each class member suffered an injury in fact because they received a product from Defendants that had less value than they paid for it, due to the false labeling.

40. Defendants' violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. Defendants did these acts knowing the harm that would result to Plaintiff and similarly situated persons and Defendants did these acts notwithstanding that knowledge.

## **PRAYER FOR RELIEF**

Based on the foregoing, plaintiffs pray for the following relief:

A. An order certifying this as a California statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. An order appointing Plaintiff's counsel as Class Counsel to represent the interests of the Class;

C. After trial, an injunction ordering Defendants to stop their violations of California law as alleged herein;

D. An award of monetary relief for the Class in the amount by which Defendant has been unjustly enriched by its illegal conduct as alleged herein;

E. An award of costs, including reasonable attorneys' fees;

F. Pre and post judgment interest in the highest amount permitted by law; and

G. Such further or different relief as the Court may deem appropriate.

Dated: January 7, 2016                    Respectfully submitted,

                                          **RAINS LUCIA STERN, PC**

                                          */s/ Eustace de Saint Phalle*
                                          By:  Eustace de Saint Phalle
                                          Attorneys for Plaintiff SEAN RANDALL

## DEMAND FOR JURY TRIAL

As to the matters complained of herein against Defendants MERRICK PET CARE, dba CASTOR AND POLLUX NATURAL PETWORKS; PET APPEAL ONE, LLC, aka CASTOR AND POLLUX NATURAL PETWORKS LLC; NESTLE USA, INC.; NESTLE PURINA PETCARE, CO.; and DOES 1-10, and each of them, Plaintiff SEAN RANDALL, demands a trial by jury.

Dated: January 7, 2016                                    Respectfully submitted,

**RAINS LUCIA STERN, PC**

*/s/ Eustace de Saint Phalle*
By: Eustace de Saint Phalle
Attorneys for Plaintiff SEAN RANDALL