1  Tammy B. Webb (SBN: 227593)
   tbwebb@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2700
3  San Francisco, California  94104-4505
   Telephone: (415) 544-1900
4  Facsimile: (415) 391-0281

5  Attorneys for Defendants
   Nestlé Purina PetCare Company and
6  Merrick Pet Care, Inc.

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 | SEAN RANDALL, on behalf of himself | Case No.  2:16-cv-00139-FMO-AS
   | and all others similarly situated, |
11 |                                    | **DEFENDANTS NESTLÉ PURINA**
   |              Plaintiff,             | **PETCARE COMPANY AND**
12 |                                    | **MERRICK PETCARE, INC.'S**
   |        v.                          | **NOTICE OF MOTION AND**
13 |                                    | **MOTION TO DISMISS**
   | MERRICK PET CARE, INC., dba        | **PLAINTIFF'S COMPLAINT AND**
14 | CASTOR AND POLLUX NATURAL          | **EACH CLAIM THEREIN;**
   | PETWORKS; PET APPEAL ONE, LLC.     | **MEMORANDUM OF POINTS AND**
15 | Aka CASTOR AND POLLUX              | **AUTHORITIES IN SUPPORT**
   | NATURAL PETWORKS LLC;              |
16 | NESTLE PURINA PETCARE CO.; and     | [Fed. R. Civ. P. 12(b)(1) & 12(b)(6)]
   | DOES 1-10, inclusive,              |
17 |                                    | Date:   June 2, 2016
   |              Defendant.            | Time:   10:00 am
18 |                                    | Ctrm.:  22 – 5th Floor
   |                                    | Judge:  Hon. Fernando M. Olguin
19 |
20 |                                    | Complaint filed:  January 7, 2016

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................1

    A.  AN OVERVIEW .......................................................................1

II.  SUMMARY OF WHY THE AMENDED COMPLAINT
    SHOULD BE DISMISSED.........................................................3

III.  THE MOTION TO DISMISS STANDARD ...................................5

IV.  THE AMENDED COMPLAINT FAILS TO COMPLY WITH
    THE SPECIFICITY REQUIREMENTS OF RULE 9(b). ...........7

V.  THE AMENDED COMPLAINT FAILS TO ALLEGE
    PLAUSIBLE CLAIMS FOR RELIEF UNDER UCL OR CLRA.................8

VI.  PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE
    RELIEF.........................................................................................9

VII.  CONCLUSION .........................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Dist. Bd. of Trustees*,
    77 F.3d 364 (11th Cir. 1996) ................................................................. 6

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 868 (2009) ................................... 5, 6

*Barker v. Gottlieb*,
    23 F. Supp. 3d 1152 (D. Haw. 2014) ........................................................ 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................... 6

*Bird v. First Alert, Inc.*,
    2014 U.S. Dist. LEXIS 176390, 2014 WL 7248734 (N.D. Cal.
    Dec. 19, 2014) .................................................................................. 11

*Burns v. Tristar Prods., Inc.*,
    2014 U.S. Dist. LEXIS 102052, 2014 WL 3728115 (S.D. Cal. July
    25, 2014) ..................................................................................... 10, 11

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007) ...................................................... 9, 10

*Cornejo v. JP Morgan Chase Bank*,
    2012 U.S. Dist. LEXIS 24222, 2012 WL 628179 (C.D. Cal. Feb.
    27, 2012) ..................................................................................... 5, 6

*Dorfman v. Nutramax Labs., Inc.*,
    2013 U.S. Dist. LEXIS 136949, 2013 WL 5353043 (S.D. Cal.
    Sept. 23, 2013) ................................................................................. 10

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006) ............................................................... 5

*Henderson v. Gruma Corp.*,
    2011 U.S. Dist. LEXIS 41077, 2011 WL 1362188 (C.D. Cal. Apr.
    11, 2011) ..................................................................................... 10

*In re 5-hour Energy Mktg. and Sales Practices Litig.*,
    2014 U.S. Dist. LEXIS 149732, 2014 WL 5311272 (C.D. Cal.
    Sept. 4, 2014) ................................................................................. 5, 10

*Jones v. ConAgra Foods, Inc.*,
    2014 U.S. Dist. LEXIS 81292, 2014 WL 2702726 (N.D. Cal. June
    13, 2014) ..................................................................................... 10

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................ 4, 7

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
    940 F.2d 397 (9th Cir. 1991) ............................................................... 8

*Luman v. Theisman*,
　　2014 U.S. Dist. LEXIS 14038, 2014 WL 443960 (E.D. Cal. Feb. 4,
　　2014) ............................................................................................. 5, 10

*Mason v. Cty. of Orange*,
　　251 F.R.D. 562 (C.D. Cal. 2008) ........................................................ 6

*Mason v. Nature's Innovation, Inc.*,
　　2013 U.S. Dist. LEXIS 68072, 2013 WL 1969957 (S.D. Cal. May
　　13, 2013) ........................................................................................... 10

*Ries v. Arizona Beverages USA LLC*,
　　287 F.R.D. 523 (N.D. Cal. 2012) ..................................................... 10

*Semegen v. Weidner*,
　　780 F.2d 727 (9th Cir. 1985) .............................................................. 5

*Steel Co. v. Citizens for a Better Env't*,
　　523 U.S. 83, 118 S. Ct. 1017, 140 L. Ed. 2d 232 (1998) .................... 9

*Vess v. Ciba Geigy Corp. USA*,
　　317 F.3d 1097 (9th Cir. 2003) ......................................................... 4, 6

**Statutes**

Cal. Bus. & Prof. Code § 17533(c) ............................................................ 8

Cal. Bus. & Prof. Code § 17533.7 .................................................... passim

Cal. Bus. & Prof. Code §§ 17200–17209 ................................................. 1

Cal. Civ. Code § 1770(a)(1)-(24) .............................................................. 8

Cal. Civ. Code §§1750–1784 .................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................ 5

Fed. R. Civ. P. 8(a) .................................................................................. 6

Fed. R. Civ. P. 9(b) .......................................................................... 3, 6, 11

iii

1

## NOTICE OF MOTION AND MOTION

2      PLEASE TAKE NOTICE that on June 2, 2016, at 10:00 a.m., or as soon

3   thereafter as the matter may be heard, in Courtroom 22, United States Courthouse,

4   312 North Spring Street, Los Angeles, California, 90012-4701, Defendants Nestlé

5   Purina PetCare Company and Merrick Pet Care, Inc. will and hereby move the Court

6   for an order dismissing Plaintiff's Amended Complaint (ECF Doc. 23) and each claim

7   alleged therein.

8      This motion is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

9   Rules of Civil Procedure, and is based on the following grounds:

10      (1)   Each claim in the Amended Complaint fails to state facts sufficient to

11   provide a short, plain statement showing that Plaintiff is entitled to relief as required

12   by Rule 8 of the Federal Rules of Civil Procedure;

13      (2)   Each claim in the Amended Complaint fails to plead Plaintiff's fraud-

14   based claims with the specificity required by Rule 9(b) of the Federal Rules of Civil

15   Procedure; and

16      (3)   Plaintiff lacks standing to pursue a claim for injunctive relief under any

17   of his theories of recovery because the Amended Complaint does not and could not

18   plausibly allege that an injunction is necessary to prevent future injury to him.

19      This motion is made following the meet and confer conference of counsel that

20   took place pursuant to Local Rule 7-3 on March 31, 2016.

21

22

23

24

25

26

27

28

1      This motion is based on this Notice of Motion and the Memorandum of Points

2   and Authorities filed concurrently herewith, the pleadings and documents on file in

3   this case, and such other evidence as may be presented at the hearing on this motion.

4

5   Dated:  April 1, 2016                        SHOOK HARDY & BACON L.L.P.

6

7                                               By:___/s/ *Tammy B. Webb*_____
                                                    Tammy B. Webb
8
                                                Attorneys for Defendants
9                                               Nestlé Purina PetCare Company and
                                                Merrick Pet Care, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        Defendants Nestlé Purina PetCare Company and Merrick Pet Care, Inc.

2  ("Defendants") respectfully submit the following Memorandum of Points and

3  Authorities in support of their Motion to Dismiss Plaintiff Sean Randall's Amended

4  Class Action Complaint ("Amended Complaint"):

5  **I.     INTRODUCTION**

6       **A.     <u>An Overview</u>**

7        Plaintiff filed his original complaint in this case on January 7, 2016.  Following

8  a March 1, 2016 conference pursuant to Local Rule 7-3, Plaintiff agreed to amend his

9  complaint, and did so.  Despite the amendments, Plaintiff's Amended Complaint

10  remains fatally defective, and should be dismissed with prejudice.[1]

11        In his Amended Complaint, Plaintiff asserts claims against Defendants based on

12  alleged false statements on the labels or advertising for pet food products.  The gist of

13  the claims is that Defendants allegedly falsely represented their products as Made in

14  America when, in fact, they contain a foreign-sourced ingredient or ingredients.  The

15  Amended Complaint alleges counts under California's Unfair Competition Law, Cal.

16  Bus. & Prof. Code §§ 17200–17209 ("UCL"), and Consumers Legal Remedies Act,

17  Cal. Civ. Code §§1750–1784 ("CLRA"), on behalf of a statewide class of California

18  residents who "within the applicable statute of limitations period, bought pet food

19  products from Defendants that were sold with labels bearing 'Made with Love IN

20  THE U.S.A.,' 'Made in the U.S.A.,' or other labels indicating domestic origin."  (ECF

21  No. 1 [Compl. ¶ 22].).  Plaintiff seeks injunctive relief and restitution under the UCL

22  and injunctive relief and damages under the CLRA.  Plaintiff makes no allegation that

23  he intends to purchase pet food from Defendants in the future, nor would such an

24  allegation be plausible.

25

26

27

28
_____

[1] Defendants attempted to meet and confer with Plaintiff's counsel regarding the deficiencies in the Amended Complaint, but did not receive any substantive response.

1   The Amended Complaint is replete with incomplete or ambiguous allegations
2   that fail to describe with specificity each of the products and foreign-sourced
3   ingredients at issue and the statutory provisions allegedly violated by Defendants.

4   For example:

5   •   Plaintiff alleges Defendants Nestlé Purina PetCare Company, Merrick
6   PetCare, Inc., and Pet Appeal One, LLC[2] (d/b/a "Castor and Pollux Pet Works)
7   operate as separate "stand-alone" companies, thereby acknowledging that Defendants
8   sell different products under different labels.  (Compl. ¶¶ 2-4.)  But it is unclear what
9   products are challenged by Plaintiff.   Although the Amended Complaint alleges
10  Plaintiff purchased "Organix Grain Free Healthy Adult Indoor cat food," which is
11  allegedly sold under the Castor & Pollux brand name, the Amended Complaint also
12  refers to "dog and cat food and treat products" (*id.* at p. 2:4-5), "Defendant's
13  products" (*id.* ¶¶ 10&21), "Defendants' pet food" (*id.* ¶ 15), and "Defendant's pet
14  food and treats" (*id.* ¶ 38).  The Amended Complaint also contains an unclear and
15  overly broad class definition that seems to attempt to certify a class of all consumers
16  who bought a Nestle pet food product, even though Plaintiff only bought one Castor &
17  Pollux product. (Compl. ¶ 22.)   These vague allegations reveal Plaintiff's goal in
18  filing this case:  to fish through discovery for potential target products.

19  •   Plaintiff makes no attempt to allege the percentage of each finished
20  product's wholesale value that consists of foreign-sourced ingredients, which is
21  essential to liability based on the only statute referenced in the Amended Complaint:
22  California Business & Professions Code § 17533.7.  Plaintiff's core claim appears to
23  be that Defendants misrepresented their products as Made in the USA even though the
24  products contain foreign-sourced ingredients.  (Compl. ¶ 16.)   Although Plaintiff
25  appears to identify some of the alleged foreign-sourced ingredients that support its
26  claims, these are identified only as examples.  (*See id.* ["for example, these products

27  _____
[2] Plaintiff alleges Defendant Pet Appeal One, LLC was purchased by Defendant Merrick Pet
28  Care, Inc.  (Compl. ¶ 5.)

2

contain tapioca, as well as vitamin, mineral, and amino acid packs"].)   Because Plaintiff apparently contends there are other foreign-sourced ingredients that support his claims of false advertising, those should also be identified.

• Plaintiff alleges the presence of foreign-sourced ingredients in the product (or products?) at issue violates "[a]mong other provisions" California Business & Professions Code § 17533.7.   (Compl. ¶ 32.)   But Plaintiff does not identify the other statutory or regulatory provisions allegedly violated by Defendants.

• Although the Amended Complaint alleges Plaintiff "[o]n multiple occasions prior to January 1, 2016" purchased "Organix Grain Free Healthy Adult Indoor cat food at Petsmart in Ventura, California," Plaintiff makes no attempt to identify the day, month, or even the year of the alleged purchases.   This may be crucial to determining what products were available and their labeling on the dates of Plaintiff's purported purchases.

In summary, the Amended Complaint fails to identify the specific products at issue, the dates Plaintiff allegedly purchased any of them, each of the foreign-sourced ingredients that allegedly undercut Defendants' "Made in USA" claim, or each of the statutory provisions Defendants allegedly violated.   These incomplete allegations demonstrate that Plaintiff and his counsel have filed this action in an effort to scout for potential claims.   But this is contrary to the purpose of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.

## II.   SUMMARY OF WHY THE AMENDED COMPLAINT SHOULD BE DISMISSED

Defendants move to dismiss Plaintiff's Amended Complaint on the following grounds:

**First**, the Amended Complaint fails to underpin Plaintiff's claims of deception with the specificity required by Fed. R. Civ. P. 9(b).   The alleged violations of the UCL and CLRA are anchored in allegations of false country-of-origin claims "done

3

with awareness of the fact that the conduct alleged was wrongful . . . ."  (Compl. at pp. 2:7-9; ¶¶ 16, 43.)  But the Amended Complaint fails to identify each of the products and the alleged foreign-sourced ingredients.  It also fails to specify the dates of Plaintiff's alleged purchases of Defendants' products, let alone – with one exception – the products he purchased.  This falls far short of the specificity required by Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (Rule 9(b) requires that the claims grounded in fraud set forth the essential "'who, what, when, where, and how' of misconduct alleged." (quoting *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

**Second**, California Business and Professions Code section 17533.7 does not require that a product labeled as Made in the USA be free of any foreign-sourced components or ingredients.  The standard for foreign-sourced parts or ingredients that are not available from a domestic source is whether they are "not more than 10 percent of the final wholesale value of the manufactured product."  *See* Cal. Bus. & Prof. Code §§ 17533.7(b) & (c) (5 percent standard applies to ingredients available domestically).  Each of the UCL and CLRA claims is based on allegations that Defendants violated section 17533.7 by labeling their pet food products as Made in the USA when, in fact, they contain foreign-sourced ingredients.  But the Amended Complaint does not allege how Defendants violated section 17533.7.  There is no allegation, for example, that any of the allegedly foreign-sourced ingredients were available from a domestic source or that these ingredients – in isolation or taken together – exceed 5 or 10 percent of the final wholesale value of the manufactured product (or products) at issue.  Without allegations that identify with clarity the product (or products), and each of the ingredients and statutory violations at issue, as well as the basis for Plaintiff's standing to bring an action under the UCL or CLRA, the Amended Complaint fails to satisfy the plausibility test of Rule 8(a).

4

1    **Third**, Plaintiff lacks standing to pursue his claims for injunctive relief under

2    the UCL and CLRA.  To establish standing under Article III, section 2 of the United

3    State Constitution, a party seeking injunctive relief must show it is realistically

4    threatened by a repetition of the act to be enjoined.  *Gest v. Bradbury*, 443 F.3d 1177,

5    1181 (9th Cir. 2006); *In re 5-hour Energy Mktg. and Sales Practices Litig.*, No. MDL

6    13-2438-PSG (PLAx), 2014 U.S. Dist. LEXIS 149732, at *26-30, 2014 WL 5311272,

7    at *10-11 (C.D. Cal. Sept. 4, 2014), *Luman v. Theisman*, No. 2:13-cv-00656-KJM-

8    AC, 2014 U.S. Dist. LEXIS 14038, at *18-23, 2014 WL 443960, at *6-8 (E.D. Cal.

9    Feb. 4, 2014).  But the Amended Complaint does not allege Plaintiff intends to

10   purchase Defendants' pet food or treats in the future, and such a claim would not be

11   plausible given the allegations in his Amended Complaint.

12   In summary, the Amended Complaint fails to allege fundamental facts

13   necessary to state a viable claim under either the UCL or CLRA.  It fails to provide

14   the basic facts necessary to comply with Rules 8(a) and 9(b) of the Federal Rules of

15   Civil Procedure.  Rule 9(b) is intended to prevent the filing of a complaint as pretext

16   for the discovery of potential unknown wrongs.  *Semegen v. Weidner*, 780 F.2d 727,

17   731 (9th Cir. 1985); *see also Cornejo v. JP Morgan Chase Bank*, No. CV-11-4119

18   CAS (VBKx), 2012 U.S. Dist. LEXIS 24222, at *9, 2012 WL 628179, at *4 (C.D.

19   Cal. Feb. 27, 2012) ("Plaintiffs' assertion they will 'not know until discovery' the

20   specific misrepresentations made is precisely what Rule 9(b) seeks to prevent.").

21   Filing a complaint "does not unlock the doors of discovery for a Plaintiff armed with

22   nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct.

23   1937, 173 L. Ed. 868 (2009).

24   **III.    THE MOTION TO DISMISS STANDARD**

25   A complaint that fails "to state a claim upon which relief can be granted"

26   should be dismissed.  Fed. R. Civ. P. 12(b)(6).  To "state a claim" a complaint must

27   include "a short and plain statement of the claim showing that the pleader is entitled to

28

5

relief." Fed. R. Civ. P. 8(a). The Supreme Court has explained that Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A complaint meets this standard only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint's allegations need not be detailed, they must "possess enough heft" to propel the claims across a threshold of plausibility. *Twombly*, 550 U.S. at 557. And the rule that a court must accept as true all allegations in a complaint "is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678.

Claims that are "grounded in fraud" must also satisfy the particularity requirements of Fed. R. Civ. P. 9(b). They must set forth "'the who, what, when, where, and how' of the misconduct charged." *Kearns,* 567 F.3d at 1124-25 (quoting *Vess*, 317 F.3d at 1106 (citations and quotation marks omitted)); *see also Mason v. Cty. of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) (" 'unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.' " (quoting *Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996) (internal citations omitted)).

A Plaintiff charging a defendant with false representations must allege the time, as well as the place and content of the alleged false statement. *Barker v. Gottlieb*, 23 F. Supp. 3d 1152, 1164 (D. Haw. 2014); *Cornejo v. JP Morgan Chase*, 2012 U.S. Dist. LEXIS 24222, at *9, 2012 WL 628179, at *4 (purpose of Rule 9(b) is to prevent using discovery to determine whether defendant made actionable misrepresentations).

6

This standard applies to claims of deceit under the CLRA and UCL. *Kearns*, 567 F.3d at 1124-26.

## IV.   THE AMENDED COMPLAINT FAILS TO COMPLY WITH THE SPECIFICITY REQUIREMENTS OF RULE 9(b).

Plaintiff's Amended Complaint fails to provide the specificity required by Rule 9(b). Defendants notified Plaintiff of this deficiency at the parties' first Local Rule 7-3 conference. Following that conference, Plaintiff amended the Complaint to add photos of one product allegedly purchased by Plaintiff. Plaintiff did not cure the defects in his Amended Complaint by including those photos. To the contrary, even after being placed on notice by Defendants of the significant Rule 9(b) shortcomings, Plaintiff still does not allege the date(s) of his alleged purchase(s). He also fails to provide the necessary details regarding when and where he saw the alleged misrepresentations, and when he relied on them.

Plaintiff's Amended Complaint also fails to identify each of the alleged foreign-sourced ingredients that underlie his claim that Defendants falsely represented their pet food products as Made in the USA and whether any of the foreign-sourced ingredients are available from a domestic source. These are necessary facts, because, as discussed in further detail below, the only statutory provision identified in the Amended Complaint specifies percentage standards for foreign-sourced ingredients in products labeled as Made in the United States depending on whether ingredients are available from domestic sources. *See* Cal. Bus. & Prof. Code § 17533.7.

Making matters worse, based on these slim to nonexistent allegations, Plaintiff seeks to certify a statewide class of "all residents of the state of California who, within the applicable statute of limitations period, bought pet food products from Defendants that were sold with labels . . ." indicating Made in the U.S.A. or similar taglines. Plaintiff's proposed class could extend to the purchasers of every pet food product that Defendants sell, but Plaintiff cannot even allege the time, place, and manner of how

7

1   he bought the single product he claims to have bought.  *Lancaster Cmty. Hosp. v.*

2   *Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (to plead

3   misrepresentation claim, must "detail with particularity the time, place and manner of

4   each act of fraud, plus the role of each defendant in each scheme").  Plainly, Plaintiff

5   and his counsel are seeking to unlock the doors of discovery to fish for a viable claim

6   when they know they cannot plead one.

7      Because the Amended Complaint fails to meet the standard set by Rule 9(b), it

8   should be dismissed with prejudice.

9   **V.   THE AMENDED COMPLAINT FAILS TO ALLEGE PLAUSIBLE**
     **CLAIMS FOR RELIEF UNDER UCL OR CLRA.**
10

11     The Amended Complaint fails to name the product or products at issue and,

12   other than a reference to California Business & Professions Code § 17533.7, the

13   Amended Complaint fails to identify the "other provisions" that underlie Plaintiff's

14   claim of unlawful conduct.  (Compl ¶ 32.)  The Amended Complaint also fails to

15   identify which of the CLRA's 24 unlawful business practices has allegedly been

16   violated by Defendants.  Cal. Civ. Code § 1770(a)(1)-(24).  Without these essential

17   facts, the Amended Complaint fails to allege plausible claims under the UCL and

18   CLRA.  Instead of essential facts, it pleads only conclusions.

19     But the problems with these claims run deeper.  First, the Amended Complaint

20   fails to allege facts showing a violation of California Business & Professions Code

21   section 17533.7, the only statute referenced in the Amended Complaint.  Under

22   section 17533.7(b), finished products can be labeled as "Made in USA" if they are

23   made, manufactured, or produced in the United States, and the parts manufactured

24   outside the United States constitute no more than five percent of the final wholesale

25   value.  That threshold rises to ten percent if the foreign components cannot be

26   produced in the United States or obtained from a domestic source.  Cal. Bus. & Prof.

27   Code § 17533(c).  The Amended Complaint fails to allege a violation of the statute.

28

8

1    Second, as shown below (*see infra* Section VI), Plaintiff lacks standing to

2  pursue a claim for injunctive relief, which is the only remedy he seeks under the

3  Amended Complaint's count based on the CLRA.  This should also be fatal to the

4  Amended Complaint's claim for injunctive relief under the UCL.

5  **VI.  PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF.**

6    Plaintiff seeks injunctive relief in both the Amended Complaint's CLRA and

7  UCL counts.   (Compl. at pp. 2:7-9, ¶¶ 34&44, Prayer ¶ C.)   But the Amended

8  Complaint fails to allege facts showing he has standing to seek an injunction.

9    Article III, section 2 of the United States Constitution restricts federal judicial

10 power to adjudication of "Cases" or "Controversies."   To establish standing, a

11 Plaintiff must demonstrate "redressability – a likelihood that the requested relief will

12 redress the alleged injury."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103,

13 118 S. Ct. 1017, 140 L. Ed. 2d 232 (1998).  "[T]he party invoking federal jurisdiction

14 bears the burden of establishing its existence."  *Id.* at 103-04 (citation omitted).

15   Here, the Amended Complaint does not allege Plaintiff intends to purchase pet

16 food products from Defendants in the future.  Nor would such an allegation be

17 plausible in light of the substance of his claims.  An injunction would not redress any

18 ongoing or threatened injury to Plaintiff, who is not "realistically threatened by a

19 repetition of the violation."  *Gest*, 443 F.3d at 1181.

20   Most courts addressing this issue have held a class-action Plaintiff lacks

21 standing to pursue a claim for injunctive relief under the UCL or CLRA where – as

22 here – the complaint does not allege the Plaintiff intends or is likely to purchase the

23 product at issue in the future.  For example, in *Cattie v. Wal-Mart Stores, Inc*., 504 F.

24 Supp. 2d 939 (S.D. Cal. 2007), the Plaintiff alleged he purchased linens from the

25 defendant's website with a thread count lower than advertised.  *Id*. at 941.  The court

26 found that because the Plaintiff was aware of the alleged false advertising and did not

27

28

9

1  allege he would purchase the linens again, he lacked standing to seek an injunction.

2  *Id*. at 951-52.

3       In *Mason v. Nature's Innovation, Inc*., No. 12-cv-3019-BTM-DHB, 2013 U.S.

4  Dist. LEXIS 68072, 2013 WL 1969957 (S.D. Cal. May 13, 2013), the Plaintiff alleged

5  the defendant made false and misleading advertising claims about the attributes and

6  effectiveness of its product, a skin-tag remover.  2013 U.S. Dist. LEXIS 68072, at *1-

7  2, 2013 WL 1969957, at *1.  The court granted the defendant's motion to dismiss the

8  Plaintiff's claims for injunctive relief under the UCL and CLRA because the "Plaintiff

9  has not established the likelihood of future injury from Defendant's alleged

10 misrepresentations regarding the product and lacks Article III standing to seek

11 injunctive relief."  2013 U.S. Dist. LEXIS 68072, at *15, 2013 WL 1969957, at *8.

12 *Accord In re 5-hour Energy*, 2014 U.S. Dist. LEXIS 149732, at *26-30, 2014 WL

13 5311272, at *10-11; *Burns v. Tristar Prods., Inc*., No. 14-cv-749-BAS (DHB), 2014

14 U.S. Dist. LEXIS 102052, at *5-9, 2014 WL 3728115, at *2-3 (S.D. Cal. July 25,

15 2014); *Luman*, 2014 U.S. Dist. LEXIS 14038, at *18-23, 2014 WL 443960, at *6-8.;

16 *Dorfman v. Nutramax Labs., Inc*., No. 13-cv-0873-WQH (RBB), 2013 U.S. Dist.

17 LEXIS 136949, at *22-25, 2013 WL 5353043, at *8-9 (S.D. Cal. Sept. 23, 2013).

18      Although a few courts have not required Article III standing to pursue a claim

19 for injunctive relief in a UCL or CLRA-based class action (*see, e.g., Ries v. Arizona*

20 *Beverages USA LLC*, 287 F.R.D. 523, 533-34 (N.D. Cal. 2012); *Henderson v. Gruma*

21 *Corp*., No. CV 10-04173 AHM (AJWx), 2011 U.S. Dist. LEXIS 41077, at *17-21,

22 2011 WL 1362188, at *7-8 (C.D. Cal. Apr. 11, 2011)), they are outliers.  As explained

23 in *Jones v. ConAgra Foods, Inc*., No. C12-01633 CRB, 2014 U.S. Dist. LEXIS 81292,

24 at *45-49, 2014 WL 2702726, at *12-13 (N.D. Cal. June 13, 2014), the power of

25 federal courts is limited by Article III and a Plaintiff must establish standing to pursue

26 a claim for injunctive relief.  *Id*.

27

28

1    In *Luman*, the court addressed this conflicting authority and rejected the

2 reasoning of the *Ries* and *Henderson* decisions.   Judge Mueller emphasized that

3 federal courts are of limited jurisdiction under Article III and "it is 'not within the

4 Court's authority to carve out an exception to Article III's standing requirements to

5 further the purpose of California consumer protection laws.'"  *Luman*, 2014 U.S. Dist.

6 LEXIS 14038, at *22-23, 2014 WL 443960, at *8 (quoting *Mason*, 2013 U.S. Dist.

7 LEXIS 68072, at *13); *accord Bird v. First Alert, Inc*., No. C 14-3585 PJH, 2014 U.S.

8 Dist. LEXIS 176390, at *13, 2014 WL 7248734, at *5 (N.D. Cal. Dec. 19, 2014)

9 ("numerous courts have held that a 'public policy' exception to the standing

10 requirement – which Plaintiff seems to be attempting to argue here – does not comport

11 with Article III's mandate"); *Burns v. Tristar Prods., Inc*., 2014 U.S. Dist. LEXIS

12 102052, at *5-9, 2014 WL 3728115, at *2-3 (same).

13    The Court should dismiss the Amended Complaint's claims for injunctive relief

14 under the UCL (first count) and the CLRA (second count) because Plaintiff lacks

15 Article III standing to pursue these claims.

16 **VII.   CONCLUSION**

17    The Amended Complaint fails to provide the specificity required under Fed. R.

18 Proc. 9(b).  And without the necessary details regarding the products, ingredients, and

19 alleged statutory violations at issue, the Amended Complaint fails to state plausible

20 claims under the UCL or CLRA.  Plaintiff lacks standing to pursue the Amended

21 Complaint's claims for injunctive relief.  For each of these reasons, the Motion to

22 Dismiss should be granted.

23

24

25

26

27

28

11

1   Dated:  April 1, 2016                              SHOOK HARDY & BACON L.L.P.

2

3                                                        By:___/s/ Tammy B. Webb_____
                                                              Tammy B. Webb
4
                                                         Attorneys for Defendants
5                                                        Nestlé Purina PetCare Company and
                                                         Merrick Pet Care, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   3791810

DEFENDANT'S MOTION TO DISMISS
CASE NO.  2:16-cv-00139-FMO-AS